# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2022

Lyle W. Cayce
Clerk

No. 21-11277
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Ignacio Cardenas Ochoa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-74-3

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jose Ignacio Cardenas Ochoa pleaded guilty to money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and (a)(1)(A)(i) and was sentenced to 87 months of imprisonment. Cardenas Ochoa argues that the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11277

factual basis was insufficient to support his conviction because there is no evidence that the money at issue was the proceeds of drug trafficking.

Because he raises this argument for the first time on appeal, we review for plain error. *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). To demonstrate plain error, Cardenas Ochoa must show (1) an error (2) that is "clear or obvious" and (3) that affects his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If these showings are made, we may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Viewing the record as a whole, there are sufficient facts to establish that the money Cardenas Ochoa transported was proceeds of drug trafficking. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) ("In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction."). In a signed factual basis, Cardenas Ochoa admitted that he was involved in loading drug trafficking proceeds in the form of large amounts of U.S. currency into secreted compartments in a vehicle for transport. Though Cardenas Ochoa now argues that the money at issue could have been payment for fronted drugs, the PSR's detailed description of Cardenas Ochoa's participation in the conspiracy provides facts sufficient to support an inference that the money at issue was, in fact, proceeds of drug trafficking.

To the extent Cardenas Ochoa argues that the factual basis failed to establish that a "transaction" occurred, *see* § 1956(a)(1), such a showing was not required to prove the conspiracy offense. *See Whitfield v. United States*, 543 U.S. 209, 219 (2005); *United States v. Gibson*, 875 F.3d 179, 192 (5th Cir. 2017).

2

No. 21-11277

Cardenas Ochoa has not demonstrated a "clear or obvious" error. *Puckett*, 556 U.S. at 135. Moreover, he fails to argue that he would not have entered a guilty plea but for the alleged error and, as such, fails to show that any error affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

AFFIRMED.